IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NATIONSTAR MORTGAGE,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:15-CV-3124-L** |
| **STEPHANIE MYERS-BARRY** | § | |
| **AND CAROLYN BARRY,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

This forcible detainer action was removed from Justice of Peace Court, Precinct 1, Dallas County, Texas, to federal court by Defendants Stephanie Myers-Barry and Carolyn Barry (collectively, "Defendants") pursuant to 28 U.S. C. § 1331. For the reasons that follow, the court lacks subject matter jurisdiction and *sua sponte* **remands** this action to Justice of Peace Court, Precinct 1, Dallas County, Texas, from which it was removed.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.");

*McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Removal in this case is based solely on federal question jurisdiction. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indent. Co.*, 491 F.3d 278, 28182 (5th Cir. 2007).

In their Notice of Removal, Defendants allege that federal question jurisdiction exists because Plaintiff's actions: "are part of [an] ongoing pattern of abuse and harassment by NATIONSTAR MORTGAGE, and are the subject of an FCDPA Action being commenced in the U.S. District Court and claims related to the purported modification of the mortgage." Defs.' Notice of Removal 2. Defendants further assert that such claims arise under the "Fair Debt Collection Practices Act, The Fair Credit Reporting Act and Americans with Disabilities Act (ADA)." *Id.*

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction"; *Fed. Nat'l Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because Plaintiff's pleadings must raise the federal claim or issue") (emphasis in original).

Here, Defendants assert in their Notice of Removal that copies of all state court pleadings and papers were filed at the time of removal as Exhibit A to the Notice of Removal; however, there is no indication from the docket in this case that such papers were actually filed. Regardless, Defendants acknowledge in their Notice of Removal that the state court action filed by Plaintiff Nationstar Mortgage is a forcible detainer proceeding. A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal

**Memorandum Opinion and Order – Page 3**

jurisdiction. *See Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov.16, 2010) (holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide basis for federal question jurisdiction).

Defendants have not shown that Plaintiff's forcible detainer action presents a federally-created cause of action or that its right to relief depends on the resolution of a substantial question of federal law. Moreover, to the extent that Defendants seek to assert new claims, defenses, or counterclaims that arise under federal law in their Notice of Removal or in a yet-to-be filed federal action against Plaintiff, these new or later-filed claims cannot be considered in determining whether federal question jurisdiction exists. This is so because the state court pleadings must establish the basis for subject matter jurisdiction at the time the action is removed. *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed."). Defendants have, therefore, failed to meet their burden to show federal question jurisdiction exists over this removed action. Accordingly, the court *sua sponte* **remands** this action to Justice of Peace Court, Precinct 1, Dallas County, Texas, from which it was removed. The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

**It is so ordered** this 9th day of October, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge